Commonwealth *v.* Chapman.

---

COMMONWEALTH *vs.* JOHN L. CHAPMAN.

On a trial for murder, the court refused to allow the prisoner to retract his plea of not guilty, and to demur to the indictment, but consented to hear the objections on a motion to quash the indictment.

In Massachusetts, in an indictment for murder, it is not necessary to aver that the assault was made wilfully, and with malice aforethought.

In an indictment for murder, which alleges that the defendant "did strike and bruise, giving to the said A. B., then and there, with the axe aforesaid, in and upon the said back side of the head of him the said A. B., one mortal wound," it is not necessary to describe either the length, breadth, or depth of such wound.

Evidence that a party is present, aiding and abetting in a murder, will support an indictment charging him with having committed the act with his own hand.

THIS was an indictment for murder, tried at an adjourned term of this court, held at Cambridge, in the county of Middlesex, commencing February 21st 1854, before the chief justice and justices *Metcalf* and *Merrick.* The defendant was charged with the murder of Reuben Cozzens, at Sher-

burne, in said county, on the 14th day of September, 1853. The indictment, which contained three counts, was as follows:

" The jurors for the commonwealth of Massachusetts, on their oath present, that John L. Chapman, late resident of Sherburne, in the county of Middlesex aforesaid, laborer, on the 14th day of September, in the year of our Lord one thousand eight hundred and fifty-three, at Sherburne aforesaid, with force and arms, in and upon one Reuben Cozzens, in the peace of the commonwealth then and there being, did make an assault, and that the said John L. Chapman, with a certain axe, of the value of fifty cents, which he, the said John L. Chapman, in both his hands then and there had and held, the said Reuben Cozzens, in and upon the back side of the head of him the said Reuben Cozzens, then and there feloniously, wilfully, and of his malice aforethought, did strike and bruise, giving to the said Reuben Cozzens, then and there, with the axe aforesaid, in and upon the said back side of the head of him the said Reuben Cozzens, one mortal wound, of which said mortal wound the said Reuben Cozzens then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that the said John L. Chapman, the said Reuben Cozzens, then and there, in manner and form aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder; against the peace of said commonwealth, and the form of the statute in such case made and provided.

" And the jurors aforesaid, upon their oath aforesaid, do further present, that John L. Chapman, late resident of Sherburne, in the county of Middlesex aforesaid, laborer, on the 14th day of September, in the year of our Lord one thousand eight hundred and fifty-three, at Sherburne aforesaid, with force and arms, in and upon one Reuben Cozzens, in the peace of the commonwealth then and there being, did make an assault, and that the said John L. Chapman, with a certain axe, of the value of fifty cents, which he the said John L. Chapman in both his hands then and there had and held, the said Reuben Cozzens, in and upon the back side of the neck

of him the said Reuben Cozzens, then and there feloniously, wilfully, and of his malice aforethought, did strike and bruise, giving to the said Reuben Cozzens, then and there, with the axe aforesaid, in and upon the back side of the neck of him the said Reuben Cozzens, one mortal wound, of which said mortal wound the said Reuben Cozzens then and there instantly died. And so the jurors aforesaid do, upon their oath aforesaid, say that the said John L. Chapman, the said Reuben Cozzens then and there, in manner and form aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder; against the peace of said commonwealth, and the form of the statute in such case made and provided.

" And the jurors aforesaid, upon their oath aforesaid, do further present that John L. Chapman, late resident of Sherburne, in the county of Middlesex aforesaid, laborer, on the 14th day of September, in the year of our Lord one thousand eight hundred and fifty-three, at Sherburne aforesaid, with force and arms, in and upon one Reuben Cozzens, in the peace of the commonwealth then and there being, did make an assault, and that the said John L. Chapman, with a certain axe, of the value of fifty cents, which he the said John L. Chapman in both his hands then and there had and held, the said Reuben Cozzens in and upon the back side of the head of him the said Reuben Cozzens, then and there feloniously, wilfully, and of his malice aforethought, did strike and bruise, giving to the said Reuben Cozzens, then and there, with the axe aforesaid, in and upon the said back side of the head of him the said Reuben Cozzens, divers mortal wounds, of which said divers mortal wounds the said Reuben Cozzens then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that the said John L. Chapman, the said Reuben Cozzens then and there, in manner and form aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder; against the peace of said commonwealth, and the form of the statute in such case made and provided."

Before the jury were empanelled, the prisoner's counsel

moved the court to allow the prisoner, who had, in the absence of his counsel, pleaded not guilty to the indictment, to retract his plea, and to demur, and cited *Regina* v. *Purchase*, Car. & M. 617 ; Archbold Crim. Pl. (London ed 1853,) 113; Purcell Crim. Pl. & Ev. 132.   The court refused to allow the motion, but intimated that they would consider any objections to the indictment upon a motion to quash.   A motion to quash the indictment was then made, and the following reasons assigned :

1.  That the indictment is insufficient in this : that it does not set forth that the assault, which is one of the material acts alleged to have been committed by the defendant in the commission of the crime, was done wilfully, or with malice aforethought.   1 East  P. C. 346 ; 2 Hale  P. C. 184, 187 ; 2 Deacon  Crim.  Law,  930 ; 1  Stark.  Crim.  Pl. (London ed. 1828,) 91.   In *Regina* v. *Drury*, 3 Cox  C. C. 544, (1849,) Wightman, J. read the judgment of *Coleridge*, J. who said : " Mr. Starkie, whose excellent book on criminal pleading may now be quoted as direct authority, lays down the same rule," &c.   See the precedents, Archb. Crim. Pl. (Am. ed. 1846,) 482 ; 2 Stark. Crim. Pl. (London ed. 1828,) 385, and note (*q*) ; *Maile* v. *The Commonwealth*, 9 Leigh, 661.   And so are the forms, from the earliest to the latest cases.   See *Regina* v. *Bird*, 1 Temp. & Mew C. C. 437 ; 2 Denison  C. C. 94 ; 5 Cox  C. C. 1 ; 2 Eng. Law and Eq. Rep. 430 ; *Commonwealth* v. *Webster*, Bemis's Rep. 1–3.   It has been held, that where malice aforethought was alleged in the assault, which was coupled with the stroke, to which malice aforethought was not alleged, the first allegation would be insufficient.   1 East, P. C. 346 ; 4 Coke, 41 *b ;* Dyer, 69 *a.*   But a contrary doctrine has been held.   *Respublica* v. *Honeyman*, 2 Dall. 228 ; *Commonwealth* v. *Gibson*, 2 Virg. Cases, 70.   The reason of this is, because, if the first assault is with malice prepense, a subsequent homicide *se defendendo* would not excuse the offence.   2 Hawk. P. C. *c.* 29, §§ 17, 18.

2.  The indictment is insufficient in this : the mortal stroke is alleged to have been made with a sharp-cutting instrument, to wit, an axe, and a single wound thereby given, of which

36\*

no description is set out so that the court may see that the wound was an adequate cause of death. 3 Chitty Crim. Law, (Perkins's ed.) 734; 2 Deacon Crim. Law, 928; 1 East P. C. 342; 2 Hale P. C. 185, 186; *The State* v. *Owen,* 1 Murph. 452, 454, 461, 464; *The State* v. *Moses,* 2 Dev. 452, 463, 464, 466; *The State* v. *Crank,* 2 Bailey, 66 ; 7 Dane Ab. 275, *c.* 218, art. 113, § 2; Davis's Justice, (1st ed.) 319; and so are all the precedents for incised wounds to this day. In the case of an incised wound, which caused death, upon the necessity of the description, the authorities were uniform until the leading case of *Rex* v. *Moseley,* 1 Moo. C. C. 97; 1 Lewin C. C. 189, (1825,) which was twice discussed before all the judges, where it was decided that bruises, lacerations, and wounds, all contributing to the death, need not be described ;—Littledale, and Holroyd, JJ. dissenting, and holding the indictment invalid. It will be observed that the law has never required the description of a bruise which did not make a technical wound. The reasons given for the decision in *Rex* v. *Moseley,* were, that it did not seem material to prove the description ; and Lawrence, J. had instructed the clerk of assize of the Oxford circuit to omit a description of the wounds where there were more wounds than one. The next case in order of time, in England, is *Rex* v. *Turner,* 1 Lewin C. C. 177, (1830,) which was the case of a bruise, and although decided on the authority of *Rex* v. *Moseley,* the hurt was described in accordance with the earlier decisions as to the necessity of a description of a bruise. The next case is *Rex* v. *Tomlinson,* 6 Car. & P. 370, (1834,) where Patteson, J. doubted, but Park, J. decided, that the depth of a bruised wound made with a stone need not be described, from his memory of *Rex* v. *Moseley.* Because, he said, that as common sense did not require the length, breadth, and depth of the wounds to be stated, it was not necessary that they should be stated, although all the text writers have assigned as a reason, that the wound is described, so that the court may see on the face of the record that such a hurt would be an adequate cause of death. It is to be remarked, that all the precedents in Eng-

and, in a case of a simple incised wound, still give a description of the wound. These last two cases were decisions at *nisi prius.*

In America, the earliest reported decisions are the cases of *The State* v. *Owen,* 1 Murph. 452, (1810,) and *The State* v. *Moses,* 2 Dev. 452, (1830,) in North Carolina. In the last of which, even the dissenting judges admitted the law to be as here contended, so far as the description of an incised wound is concerned. It is digested, in Coxe's Digest of Reports of Decisions in the United States courts, p. 359, referring to North Carolina Cases, p. 79, *United States* v. *Maunier* that the contrary has been decided. Upon examination, no such case can be found. And it is to be observed, that afterwards, decisions in North Carolina, contrary to the decision in *Maunier's case,* are found, in which no reference is made or notice taken of any such decision. The next case is *The State* v. *Crank,* 2 Bail. 66, (1831,) which decides only that a bruise need not be described, while the reasoning of the court would seem to admit the doctrine here asserted. The next case is that of *Stone* v. *The State,* 2 Scam. 326, 338, (1840,) where it is simply decided, that such description is not bad on error, under the statute provisions of Illinois. The next case in order of time, is *Dias* v. *The State,* 7 Blackf. 20, (1843,) where the depth of the wound is not described. But the judgment was reversed on other points, and that is not the point decided by the court. These, it is confidently asserted, are all the cases in this country on that point; and it is submitted, that not one. is an authority in point against the position of the defendant. In Massachusetts, it was early laid down, that the description of such a wound was a necessary averment. 7 Dane Ab. *ubi supra.* And see Davis's Precedents of Indictments, p. 175, and note. It was the common law at the time of the Revolution, has been adopted here, and never doubted since.

After elaborate argument by counsel, and consultation by the court, Chief Justice Shaw stated that the court had considered the objections to the indictment, as though they had been taken by demurrer, or motion in arrest of judgment, and

that the court were of opinion that the indictment was sufficient, although in the case of a simple incised wound, the authorities would support the position that a description is necessary. And the court distinguished this from an incised wound, because the indictment alleged that the defendant " did strike and bruise" the deceased.

The trial then proceeded, and after the evidence in behalf of the government was all in, the prisoner's counsel submitted to the court the following proposition, and prayed that it might be passed upon before opening the defence : That if the jury were satisfied from the evidence, that Chapman was only present aiding and abetting some other person who committed the act, this indictment, which charged him as the sole principal, would not be supported. *Commonwealth* v. *Knapp*, 10 Pick. 477 ; *Duffey and Hut's case*, 1 Lewin C. C. 194.

The court decided, that if the defendant was present, aiding and abetting, so as to make him a principal in the second degree, that evidence would support an indictment charging him as sole principal, as having struck the blow with his own hands.

The case then proceeded, and the jury disagreed.

*R. Choate & C. R. Train*, for the commonwealth.

*B. F. Butler & F. F. Heard*, for the prisoner.